UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| APB REALTY, INC.,<br>    Plaintiff/Defendant-in-<br>    Counterclaim,<br><br>        v.<br><br>LEBANON AND BLUE MOUNTAIN<br>RAILWAY, LLC,<br>    Defendant/Plaintiff-in-<br>    Counterclaim<br><br>        v.<br><br>KIRK BRYANT,<br>    Defendant-in-<br>    Counterclaim | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. No. 21-11347-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                    September 9, 2024

I.    BACKGROUND

This case arises from an unsuccessful purchase and sale transaction for 100 Aluminum Rapid Discharge Coal Railcars ("RD Cars") between plaintiff APB Realty, Inc. ("APB"), which was seeking to sell the RD Cars, and defendant Lebanon and Blue Mountain Railway, LLC ("LBMR"), which was seeking to buy them. APB claims LBMR is liable for breach of contract for the purchase and sale of the RD Cars and breach of a Non-Circumvent Agreement ("NCA") (Counts I and III of the Amended Complaint (Dkt. No. 10)). APB also seeks declaratory relief regarding a $360,000 payment sent by LBMR to APB (Count II of the Amended Complaint). LBMR

countersued, alleging that APB is liable for unjust enrichment, promissory estoppel, conversion, and fraudulent inducement, and also claiming that both APB and its general manager, Kirk Bryant ("Bryant"), violated Mass. Gen. L. ch. 93A, §11. See Amended Counterclaims (Dkt. No. 42).

LBMR filed a renewed motion for partial summary judgment (Dkt. No. 68), which APB and Bryant jointly opposed (Dkt. No. 72). On March 25, 2024, Magistrate Judge Page Kelley issued a Report and Recommendation (the "Report")[1] recommending that the court allow LBMR's motion for summary judgment on all counts of the Amended Complaint and Counts I (unjust enrichment) and III (conversion) of the Amended Counterclaim, and that the court deny the motion for summary judgment on Counts V and VI (Chapter 93A claims against APB and Bryant, respectively) of the Amended Counterclaim. See Report (Dkt. No. 76).

APB has objected to the recommendation that the court allow LBMR's motion for summary judgment on Counts I (breach of contract) and II (declaratory judgment) of the Amended Complaint and Counts I (unjust enrichment) and III (conversion) of the Amended Counterclaim. See APB Objections at 2 (Dkt. No. 77). APB does not

---

[1] The Report is attached hereto as Exhibit 1, and to the extent that it is consistent with the court's reasoning in this Memorandum is incorporated in it.

2

object to the recommendation that the court allow LBMR's motion for summary judgment on Count III (breach of the NCA) of the Amended Complaint. See id. LBMR has replied to APB's objections. See LBMR Reply to APB Objections (Dkt. No. 78). LBMR does not, however, object to the Magistrate Judge's recommendation that the court deny its motion for summary judgment on Counts V and VI (Chapter 93A claims against APB and Bryant, respectively) of the Amended Counterclaim.

The court assumes that the parties agree with the recommendations to which neither party has objected. See Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985). Therefore, the court is adopting the Magistrate Judge's recommendation to allow LBMR's motion for summary judgment on APB's breach of contract claim related to the non-circumvent agreement (Count III of the Amended Complaint), see Report at 18-19, and to deny LBMR's motion for summary judgment on its Chapter 93A claims (Counts V and VI of LBMR's Amended Counterclaims), see id. at 22-24.

The court has reviewed de novo the matters to which APB has properly objected. See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(3). The court finds each of APB's objections unmeritorious. More specifically, the court finds that the Magistrate Judge

correctly stated the applicable law[2] and identified the material facts not in genuine dispute. The court reaches the same conclusions as the Magistrate Judge, although, as explained in this Memorandum, its reasoning differs in part regarding its decision to allow LBMR's motion for summary judgment on APB's breach of contract claim (Count I of the Amended Complaint).

II.  THE RECORD

The Magistrate Judge properly deemed LBMR's statement of undisputed material facts ("SUMF", Dkt. No. 49[3]) uncontroverted due to APB's failure to comply with Local Rule 56.1. See Report at 3-6. Local Rule 56.1 states that the party opposing a motion for summary judgment "shall include a concise statement of the material facts of record as to which it is contended that there exists a genuine issue to be tried, with page references to affidavits, depositions and other documentation." L.R. 56.1 (emphasis added). APB has not complied with this requirement. Despite repeatedly

---

[2] In particular, the court finds that the Magistrate Judge properly determined that the proposed RD Car transaction is governed by the UCC, rather than Massachusetts common law, because the primary purpose of the transaction was the sale of rail cars, rather than the provision of a service. See Report at 11-12; Cumberland Farms, Inc. v. Drehmann Paving & Flooring Co., 25 Mass.App.Ct. 530, 534 (1988). Neither party has objected to this determination.

[3] LBMR's SUMF contains redactions. It has also filed an unredacted version of the document under seal (Dkt. No. 49-19 - Sealed). Where necessary or appropriate, the court cites to the sealed version in this Memorandum.

stating that it "disputes the characterizations" contained in LBMR's SUMF, APB fails to identify the specific facts that it disputes or the evidentiary basis for those disputes. <u>See</u> APB Resp. to LBMR SUMF (Dkt. No. 51). In addition, APB only includes a single citation to the record, which lacks page references, in its response to LBMR's SUMF. <u>See id.</u> ¶39 (citing to the entirety of Bryant's deposition).

LBMR raised the issue of APB's non-compliance with Local Rule 56.1 on June 2, 2023. <u>See</u> LBMR Reply Supp'g MSJ at 2-3 (Dkt. No. 54). Over the next six months, the parties participated in two hearings held by the Magistrate Judge and supplemented their summary judgment briefing. However, APB made no attempt to supplement its response to LBMR's SUMF or otherwise comply with Local Rule 56.1. <u>See</u> Report at 5. In fact, APB does not seem to contest the Magistrate Judge's determination that it failed to comply with Local Rule 56.1. <u>See</u> APB Objections at 4 ("APB hereby references the Court's further acknowledgment that 'the Court has the discretion to decide whether to impose the sanction of deeming the [moving party's] factual assertions to be admitted.["] (quoting <u>Butters v. Wells Fargo Advisors, LLC</u>, Civ. No. 10-10072, 2012 WL 5959986, at *2 (D. Mass. Nov. 27, 2012)). Instead, APB emphasizes that it disputes specific facts, supported with record citations and page references, in its opposition to LBMR's motion

5

for summary judgment. See id.; APB Renewed Mem. Supp'g Opp. to LBMR MSJ at 3-5 (Dkt. No. 73). This is true, but does not excuse APB's knowing failure to comply with Local Rule 56.1.

Local Rules "prevent[] litigants from shifting the burden of organizing evidence to the district court." Zimmerman v. Puccio, 613 F.3d 60, 63 (1st Cir. 2010). A district court may sanction a party who fails to comply with Local Rule 56.1 by deeming the moving party's factual assertions to be admitted. See id.; In re Kupperstein, 61 F.4th 1, 6 (1st Cir. 2023); see also Saad v. JOLO, Inc., 633 F.Supp.3d 478, 479 n.1 (D. Mass. 2022).[4] "Given the vital purpose that [local] rules serve, litigants ignore them at their peril." Caban Hernandez v. Philip Morris USA, Inc., 486 F.3d 1, 7 (1st Cir. 2007). APB has not offered a valid excuse for its failure to comply with Local Rule 56.1. Therefore, the court adopts the Magistrate Judge's recommendation and deems LBMR's SUMF uncontroverted for the purposes of this Memorandum and Order. See Report at 6.

---

[4] APB's attorney, Howard D'Amico, also failed to comply with Local Rule 56.1 when he represented the defendants in Saad. See Saad, 633 F.Supp.3d at 479 n.1. As a result, the court in Saad allowed the plaintiffs' unopposed motion to strike the defendants' response to their statement of undisputed material facts. See id.

6

## III. DISCUSSION

### A. APB's Breach of Contract and Declaratory Judgment Claims (Counts I and II of the Amended Complaint)

In the Report, the Magistrate Judge correctly stated the summary judgment standard. See Report at 9-10.

This court finds that LBMR is entitled to summary judgment on APB's breach of contract and declaratory judgment claims because, based on the record before the court, no rational factfinder could conclude that a contract for the purchase and sale of RD Cars was formed between APB and LBMR under the UCC.

Under the UCC, a "contract for the sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." M.G.L. ch.106 §2-204(1). When material terms of an agreement are unspecified, "the intent of the contracting parties becomes particularly relevant to conclude the existence of a final binding contract." Hoover v. Osley & Whitney, Inc., 915 F.2d 1556, at *4 (1st Cir. 1990) (unpublished) (emphasis added) (citing M.G.L. ch. 106 §2-204). "The more terms the parties leave open, the less likely it is that they have intended to conclude a binding agreement, but their actions may be frequently conclusive on the matter despite the omissions." Id. §2-204 cmt. ¶3. While the existence of a contract is a question of fact, see Chang v. Winklevoss, 95 Mass.App.Ct. 202, 212 (2019), the issue of whether

an agreement is too indefinite to constitute a valid contract is a question of law, see Schwanbeck v. Federal Mogul Corp., 412 Mass. 703, 709 (1992).

APB contends that the parties formed an oral contract during a telephone call on June 17, 2021, pursuant to which they agreed that LBMR would send a non-refundable deposit of $360,000. See APB Objections at 3. However, as explained earlier, the court has deemed LBMR's SUMF uncontroverted. Therefore, the record does not contain any evidence that the parties formed an oral contract or evidence that they agreed the deposit would be non-refundable during a telephone call on June 17, 2021. See LBMR SUMF ¶¶6-11.

Instead, the record contains evidence of the following relevant facts. On June 15, 2021, after learning of LBMR's interest in purchasing rail cars, Bryant emailed specifications for 100 RD Cars to Allen Keller ("Keller"), the founder and former president of LBMR. Bryant Dep. 38:15-24; 40:17-21 (Dkt. No. 49-1). On June 16, 2021, Bryant emailed Keller again, writing that APB would "need a deposit to hold [the rail cars] for [Keller], there are 3 other parties getting close to doing something." Id. at 44:12-14. Bryant emailed Keller a one-page invoice for the proposed transaction the following day. See Jun. 17, 2021 Email & Invoice (Dt. No. 49-3). The invoice described the RD Cars and listed the number of cars for sale, the price per car, and the total price for the proposed

transaction. See id. at 2. It also noted a "discount" of $360,000. See id.[5] The invoice did not, however, include several provisions that would be material to any contract for the sale of 100 RD Cars, such as provisions related to: "title and risk of loss, removal and remarking of rail cars, maintenance of liability insurance, indemnification, limitation and warranties, taxes, maintenance, and transportation." Report at 17. Keller wired $360,000 to Bryant on the day that he received the invoice, referencing the invoice number in the wire transfer request. See June 17, 2021 Wire Transfer (Dkt. No. 49-4).

The record does not contain any evidence that the parties explicitly agreed to form a contract for the proposed RD Car transaction on June 17, 2021. Nor could a reasonable factfinder conclude that the parties formed a contract when LBMR sent APB the $360,000 deposit after receiving Bryant's invoice. See M.G.L. ch.106 §2-204(1). While it is true that a contract does not fail for indefiniteness solely because material terms are left open, see M.G.L. ch. 106, §2-204(3), the large number of material terms left unspecified by the invoice in this case indicates that the

---

[5] On August 12, 2021, Bryant altered the invoice to replace the word "discount" with the phrase "non-refundable Deposit." See Ex. O, LBMR SUMF (Dkt. No. 49-15); LBMR SUMF ¶32 (metadata depicting when the invoice was modified); Bryant Dep. 106:22-107:21 (Bryant agreeing that metadata indicates that the modified invoice was created on August 12, 2021).

9

parties did not intend to create a binding contract on June 17, 2021, see M.G.L. ch. 106, §2-204 cmt. ¶3. The parties' subsequent actions confirm this conclusion. See id. §2-204(1).

On June 30, 2021, Bryant emailed Keller a Non-Circumvent Agreement that Bryant had drafted (the "Draft NCA") (Dkt. No. 49-5). After making slight revisions, the parties signed the NCA on July 2, 2021 (the "Executed NCA") (Dkt. No. 49-6). Both the Draft NCA and the Executed NCA contained provisions stating that the agreement concerned "the possible purchase, sale or lease" of the RD Cars, which were *"SUBJECT TO PRIOR SALE, LEASE OR DISPOSITION."* Draft NCA at 2-3 (stylization in original); Executed NCA at 1-2 (stylization in original). The language in the Executed NCA—that is, provisions stating that the agreement concerned the "possible purchase" of property that was "subject to prior sale"—confirms that the parties did not intend to enter a legally binding contract on June 17, and were, instead, only contemplating a "possible" transaction. See M.G.L. ch. 106, §2-204(1). Indeed, another judge on this court reached the same conclusion when it allowed a motion to dismiss a breach of contract claim brought by APB in an unrelated case. See APB Realty, Inc. v. River City Recycling, LLC, Civ. No. 14-13089, Dkt. No. 21 (Oct. 21, 2014) (Stearns, J.) (rejecting APB's claim that a contract for the purchase and sale of rail cars was created when the defendant wired a deposit to

10

hold the cars because the parties subsequently signed an NCA stating that "the Equipment offered is subject to prior sale . . .").[6]

In view of the foregoing, no reasonable factfinder could conclude that APB and LBMR agreed to form a legally binding contract concerning the proposed RD Car transaction. Therefore, LBMR is entitled to summary judgment on APB's breach of contract claim. See Brooks v. AIG SunAmerica Life Assur. Co., 480 F.3d 579, 586 (1st Cir. 2007) (stating that the existence of a "valid, binding contract" is an element of a breach of contract claim under Massachusetts law).

Because a valid contract was not formed, APB does not have a right to continue holding LBMR's $360,000 deposit. See Report at 17-18. Therefore, LBMR is also entitled to summary judgment on APB's declaratory judgment claim. See Kligler v. Att'y Gen., 491 Mass. 38, 44-45 (2022) (noting that a party must have, among other

---

[6] APB argues that another case it brought in this court, APB Realty, Inc. v. Georgia-Pacific LLC, "relate[s] more directly to this case" than River City Recycling. APB Objections at 6. Georgia-Pacific does not bolster APB's position, however. Although the First Circuit held that APB had stated a plausible claim for breach of contract, see APB Realty, Inc. v. Georgia-Pacific LLC, 889 F.3d 26, 30 (1st Cir. 2018), the district court later concluded that "no contract was formed between APB and Georgia Pacific" and entered summary judgment against APB, APB Realty, Inc. v. Georgia-Pacific LLC, Civ. No. 15-cv-13142, 2019 WL 1047699, at *5 (D. Mass. Mar. 4, 2019), aff'd 948 F.3d 37 (1st Cir. 2020).

11

things, a "definite interest in the subject matter" of the
controversy to prevail on a declaratory judgment claim (quoting
Gay & Lesbian Advocates & Defenders v. Attorney Gen., 436 Mass.
132, 134-135 (2022)).

### B. LBMR's Unjust Enrichment and Conversion Counterclaims (Counts I and III of the Amended Counterclaims)

APB has also objected to the Magistrate Judge's
recommendation that the court enter summary judgment for LBMR on
its unjust enrichment and conversion counterclaims (Counts I and
III of the Amended Counterclaim), each of which relate to APB's
refusal to return LBMR's $360,000 deposit. See APB Objections at
7-8. Neither objection is meritorious.

APB argues that summary judgment on LBMR's unjust enrichment
counterclaim is inappropriate because the parties' legal
obligations are governed by a valid contract. See id. at 7 (citing
Chang v. Winklevoss, 95 Mass.App.Ct. 202, 211 (2019)). This
objection is unmeritorious because, as explained earlier, a valid
contract governing the proposed RD Car transaction was never
formed.

APB also objects to the Magistrate Judge's recommendation
that the court enter summary judgment for LBMR on its conversion
claim. See APB Objections at 7-8. APB does not, however, identify
any flaws in the Magistrate Judge's reasoning, as required by
Federal Rule of Civil Procedure 72(b)(2). Its "objection" instead

consists of a two-sentence recitation of the legal standard for a conversion claim. See id. The court is not required to consider portions of the Report to which a proper objection has not been made. See Fed. R. Civ. P. 72(b)(3).

Nevertheless, the court has considered de novo the Magistrate Judge's recommendation that the court enter summary judgment for LBMR on its unjust enrichment and conversion counterclaims. See id.; 28 U.S.C. §636(b)(1)(C). The court finds that the Magistrate Judge correctly identified and applied the legal standards for these claims. See Report at 19-22. Although APB properly received the $360,000 deposit when negotiations were ongoing, it had no right to retain these funds after negotiations collapsed and the parties failed to enter into a valid contract for the proposed RD Car transaction. It would be unjust and inequitable for APB to retain the $360,000 deposit, and APB has acted intentionally and wrongfully in doing so. See id. Therefore, for the reasons explained in the Report, LBMR is entitled to summary judgment on its unjust enrichment and conversion counterclaims (Counts I and III of LBMR's Amended Counterclaims).

    IV.   ORDER

    For the reasons explained in this Memorandum, it is hereby ORDERED that:

1. LBMR's Renewed Motion for Partial Summary Judgment (Dkt. No. 68) is ALLOWED IN PART. Judgment shall enter for defendant LBMR on all counts of the Amended Complaint (Dkt. No. 10) and on Counts I and III of the Amended Counterclaim (Dkt. No. 42). LBMR's request for summary judgment on Counts V and VI of the Amended Counterclaim, as recommended in the Report without objection by LBMR, is DENIED.

2. The parties shall, by October 12, 2024, confer and report, jointly if possible and separately if necessary, whether they have reached an agreement to resolve the remaining claims in this case, and, if not, whether they request more time to attempt to do so.

UNITED STATES DISTRICT JUDGE

14