UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| APB REALTY, INC.,<br>　　Plaintiff/Defendant-in-<br>　　Counterclaim,<br><br>　　　　v.<br><br>LEBANON AND BLUE MOUNTAIN<br>RAILWAY, LLC,<br>　　Defendant/Plaintiff-in-<br>　　Counterclaim<br><br>　　　　v.<br><br>KIRK BRYANT,<br>　　Defendant-in-<br>　　　Counterclaim | Civ. No. 21-11347-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                            December 19, 2024

　　On September 9, 2024, the court granted defendant Lebanon and Blue Mountain Railway, LLC's ("LBMR") Motion for Partial Summary Judgment on all of plaintiff APB Realty, Inc.'s ("APB") claims. See Dkt. No. 79. The court also granted LBMR's motion for summary judgment on its counterclaims for unjust enrichment (Count I) and conversion (Count III), based on APB's improper retention of a $360,000 deposit concerning the possible purchase of railroad cars. See id. at 12-13.

　　The parties subsequently reported that they were unable to reach an agreement to settle LBMR's remaining counterclaims. See Dkt. No. 80. LBMR later reported that it wishes to proceed to trial

on its M.G.L. c. 93A §11 counterclaims (Counts V and VI of LBMR's Amended Counterclaim) against APB and defendant Kirk Bryant, who acted on APB's behalf. See Dkt. No. 82 at 2.

In her Report and Recommendation, which the court included in its September 9, 2024 Memorandum and Order, the Magistrate Judge found that the actions of Bryant in altering an invoice at the heart of the case "was a deceptive act by APB and satisfies the first requirement for a claim under [c. 93A] Section 11." Dkt. No. 76 at 23-24. Therefore, LBMR states that the only issues that remain to be litigated are: (a) whether LBMR suffered a loss of money or property as a result of APB's deceptive conduct; and (b) whether there is a causal connection between the loss suffered and APB's deceptive conduct. Dkt. No. 82 at 2; see also Auto Flat Car Crushers, Inc. v. Hanover Ins. Co., 469 Mass. 813, 820 (2014).

LBMR requests a non-jury trial, Dkt. No. 82 at 3, and APB and Bryant request "a jury trial on all remaining issues so triable." Id. at 4. The Massachusetts Supreme Judicial Court has held that there is no right to a jury trial in actions under c. 93A. See Nei v. Burley, 388 Mass. 307, 315 (1983). The parties have not addressed the implications of Nei for this federal case.

2

In view of the foregoing, it is hereby ORDERED that:

1. The parties shall confer and, by January 8, 2025, report whether they have reached an agreement to settle this case.

2. If they have not, the parties shall, by January 15, 2025, state their respective positions on whether: (a) there is a right to a jury trial of the remaining c. 93A issues, and provide authority for their position(s); (b) whether they request a jury rial if a right to one exists; and (c) the amount of damages, including attorneys' fees, that should as of now be awarded on LBMR's counterclaims, and that may be trebled pursuant to c. 93A if LBMR prevails.

3. An initial pretrial conference shall be held on January 23, 2025, at 11:00 a.m. Bryant and representatives of LBMR and APB who are fully authorized to agree to a settlement shall attend. The parties shall be prepared to discuss at the conference possible trial dates and the issuance of a Pretrial Order similar to the form attached hereto as Exhibit A.

/s/ Mark P. Wolf
UNITED STATES DISTRICT JUDGE