UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| APB REALTY, INC.,<br>    Plaintiff/Defendant-in-<br>    Counterclaim,<br><br>        v.<br><br>LEBANON AND BLUE MOUNTAIN<br>RAILWAY, LLC,<br>    Defendant/Plaintiff-in-<br>    Counterclaim<br><br>        v.<br><br>KIRK BRYANT,<br>    Defendant-in-<br>      Counterclaim | Civ. No. 21-11347-MLW |

ORDER

WOLF, D.J.                                                                           February 14, 2025

On September 9, 2024, the court, among other things, granted summary judgment for counterclaim plaintiffs Lebanon and Blue Mountain Railway, LLC's ("LBMR") claim that counterclaim defendants APB Realty, Inc. ("APB") and Kirk Bryant unlawfully converted $360,000 LBMR had paid as a deposit to possibly purchase railway cars. See Dkt. Nos. 79, 79-1. Summary judgment was granted in part because APB had not complied with Local Rule 56.1 and, therefore, certain alleged facts were deemed admitted. See Dkt. Nos. 79 at 4-6, 79-1 at 3-6. The sole issue in the case remaining to be tried is whether APB and Bryant also violated M.G.L. c. 93A, §11 and, if so, whether the damages, if any, LBMR suffered as a

result should be doubled or trebled. See Dkt. Nos. 79 at 14, 79-1 at 22-24.[1]

After the parties reported that they were unable to reach an agreement to settle the c. 93A, §11 claims, on December 19, 2024, the court issued an Order scheduling a pretrial conference for January 23, 2025, and stated that "Bryant and representatives of LBMR and APB who are fully authorized to agree to a settlement shall attend." Dkt. No. 83 at 3. On January 17, 2025, the pretrial conference was rescheduled for January 31, 2025, in an Order that stated "[i]n person only." Dkt. No. 90.

On January 27, 2025, Bryant and APB filed a motion requesting that Bryant be allowed to participate in the January 31, 2025 pretrial conference remotely. See Dkt. No. 91. They did not file an affidavit in support of the motion as required by Local Rule 7.1(b). On January 27, 2025, the court denied the motion, explaining that "Mr. Bryant's alleged conduct is at the heart of the issues that remain to be tried and it is important that he be present at the conference on January 31, 2025, as he will have to be for trial." Dkt. No. 92.

---

[1] For reasons that will be explained at the February 14, 2025 hearing, LBMR may have been entitled to summary judgment on its c. 93A, §11 claim.

2

On January 29, 2025, the court rescheduled the pretrial conference for February 14, 2025. The Order stated that "[t]he December 19, 2024 Order, including but not limited to paragraph 3 [which required the parties', including Bryant, to be present], remains in effect." Dkt. No. 93. It also directed the parties to begin preparing specified submissions for a trial that would begin in late February or early March 2025. Id.

After the court spent considerable time preparing for the February 14, 2025 pretrial conference, on February 13, 2025, at 5:56 p.m., counterclaim-defendants' attorney Howard D'Amico filed a "Notice" stating that he did "NOT expect[] his client(s) to appear, either in person, or otherwise," at the February 14, 2025 pretrial conference and that he would appear in person. Dkt. No. 95. The "Notice" was not accompanied by a motion or affidavit.

If Bryant and APB fail to appear in person for today's pretrial conference, they may be sanctioned pursuant to Federal Rule of Civil Procedure 16(f)(1)(A). Such possible sanctions include those authorized by Rule 37(b)(2)(A)(ii-vii), which provide, among other things, for entry of a default judgment, and treating the matter as a contempt of court. In addition, the court will likely be required by Rule 37(b)(2)(C) to order Bryant, APB, and possibly their counsel to pay counterclaim-plaintiff's

reasonable attorney's fees relating to their failure to obey the orders to appear.

If Bryant and APB fail to appear, the court will likely order that they appear, in person, at a hearing in the near future to at least begin addressing whether they should be sanctioned pursuant to Federal Rules of Civil Procedure 16(f)(1)(A), and 37, and whether civil and/or criminal contempt proceedings should be instituted. See 18 U.S.C. § 401(3); F.R.C.P. 42; Shillitani v. United States, 384 U.S. 364, 371 n.9 (1966); Yates v. United States, 355 U.S. 66, 74-75 (1957); United States v. Marguardo, 149 F.3d 36, 39-41 (1st Cir. 1998); Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005).

In addition to matters relating to trial, the parties should be prepared to address the foregoing if Bryant and APB do not appear personally as ordered at the hearing later today.

                                                       UNITED STATES DISTRICT JUDGE