UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| APB REALTY, INC., )<br>    Plaintiff/Defendant-in- )<br>    Counterclaim, )<br>    )<br>            v.      )<br>    )<br>LEBANON AND BLUE MOUNTAIN )<br>RAILWAY, LLC, )<br>    Defendant/Plaintiff-in- )<br>    Counterclaim )<br>    )<br>            v.      )<br>    )<br>KIRK BRYANT, )<br>    Defendant-in- )<br>      Counterclaim. ) | Civ. No. 21-11347-MLW |

MEMORANDUM & ORDER

WOLF, D.J.                                          May 20, 2025

On December 19, 2024, defendant-in-counterclaim Kirk Bryant was ordered to attend the initial pretrial conference scheduled for January 23, 2025. See Dkt. No. 83, ¶3. The conference was rescheduled and, on January 29, 2025, Bryant was ordered to appear instead on February 14, 2024. See Dkt. Nos. 92, 93. Bryant did not appear on February 14, 2025 as ordered. See February 14, 2025 Tr. (Dkt. No. 103). At the February 14, 2025 hearing, the court informed Bryant's attorney that the initiation of criminal contempt proceedings might be necessary and appropriate. See id. at 6-8.

On February 28, 2025, plaintiff-in-counterclaim Lebanon and Blue Mountain Railway, LLC ("LBMR") filed a motion for sanctions,

including default judgment, pursuant to F. R. Civ. P. 16(f)(1) and 37(b)(2), Dkt. Nos. 105, 106, which Bryant opposed, Dkt. No. 108. However, rather than decide that motion, the court conducted a bench trial on March 31, 2025. See Mar. 31, 2025 Tr. (Dkt. No. 131). On April 2, 2025, the court ruled that Bryant and APB Realty, Inc. ("APB") had violated M.G.L. c. 93A, and found them jointly and severally liable to pay LBMR $1,468,273.62. See Apr. 2, 2025 Tr. (Dkt. No. 132) at 5-17; Apr. 2, 2025 Mem. & Order (Dkt. No. 129), at ¶1.

The court then addressed LBMR's motion for default judgment based on Bryant's failure to appear as ordered on February 14, 2025. See Apr. 2, 2025 Tr. at 17-23. The court found the motion for default judgment moot because LBMR had prevailed at trial. See id. at 18; Dkt. No. 129, ¶3.

Bryant's counsel acknowledged that there was "no just excuse" for Bryant to have disobeyed the order to attend the February 14, 2025 hearing. See Apr. 2, 2025. Tr. at 18-19. Bryant declined to testify concerning that issue. Id. Therefore, pursuant to Rule 16(f)(2), the court ordered Bryant to pay LBMR's attorney's fees relating to his failure to appear in the amount of $14,360.00, by May 2, 2025, and to file an affidavit certifying that he had done so. See Dkt. No. 129, ¶3. The court stated that it was reserving judgment on whether to initiate criminal contempt proceedings

2

concerning Bryant's failure to appear on February 14, 2025, and that it had not decided not to do so. <u>See</u> Apr. 2, 2025 Tr. at 21.

On May 7, 2025, LBMR filed a motion asking that Bryant be held in civil contempt for his failure to pay the $14,360.00 as ordered. The court is now also considering whether to initiate criminal contempt proceedings against Bryant for failing to obey the January 27, 2025 and January 29, 2025 Orders that he attend the February 14, 2025 hearing (Dkt. Nos. 92, 93), and for failing to obey the April 2, 2025 Order that he pay LBMR $14,360.00 by May 2, 2024.

Any individual who refuses obedience to a valid Order is subject to both civil and criminal contempt for the same acts. <u>United States v. Petito</u>, 621 F.2d 68, 72 (2d Cir. 1982) (citing <u>Yates v. United States</u>, 355 U.S. 66, 73 (1957)). This is because civil and criminal contempt serve different purposes. <u>See</u> <u>United States v. Marquardo</u>, 149 F.3d 36, 39 (1st Cir. 1998). Sanctions for civil contempt, including incarceration, are intended to coerce compliance with an order of the court. <u>Id.</u> Criminal contempt is used to punish disobedience of a judicial order. <u>Id.</u> Criminal contempt seeks vindication of public rights by punishing a defendant for a crime that has already been committed and to deter future violations. <u>See</u> <u>Yates</u>, 355 U.S. at 75; <u>Shillitani v. United States</u>, 384 U.S. 364, n.9 (1966).

3

In view of the foregoing, it is hereby ORDERED, pursuant to Local Rule 7.2(b)(2), that:

1. Bryant shall, by May 28, 2025, respond to LBMR's Motion for an Order of [Civil] Contempt and Assessment of Attorney's Fees and Costs (Dkt. No. 134) by filing any opposition, memorandum of reasons, and affidavits as required by Local Rule 7.1(b)(2). If Bryant asserts that he does not have the funds necessary to comply with the April 2, 2025 Order, he shall file the evidence on which he relies to support that contention. See United States v. Rylander, 103 S. Ct. 1548, 1552 (1983); see also AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 420, 427 (1st Cir. 2015); United States v. Puerto Rico, 642 F.3d 103, 108 n.8 (1st Cir. 2011); In re Power Recovery Systems, Inc., 950 F.2d 798, 804 (1st Cir. 1991); Combs v. Ryan's Coal Co., Inc., 785 F.2d 970, 975 (11th Cir. 1986). APB shall, by June 4, 2025, file any reply.

2. Bryant shall also, by May 27, 2025, file a memorandum and affidavit(s) seeking to show cause why the court should not initiate criminal contempt proceedings for his failures to obey the January 27, 2025 Order (Dkt. No. 92) and the January 29, 2025 Order (Dkt. No. 93) to attend the February 14, 2025 hearing and/or the April 2, 2025 Order to pay LBMR $14,360.00 by May 2, 2025.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE